IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-51229
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES ROTHENBACH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-97-CR-203-2

_____

January 21, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Charles Rothenbach appeals from the district court's denial of
release pending appeal.  See Fed. R. App. P. 9(b).  Under the Bail
Reform Act of 1994, judicial officers "shall" detain defendants
convicted of drug offenses that carry maximum sentences of ten
years or more.   18 U.S.C. § 3143(b)(2); see 18 U.S.C.
§ 3142(f)(1)(C).  The appellant was convicted of conspiracy to
distribute and to possess with the intent to distribute marijuana,
and the trial court found at sentencing that 300 pounds were

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

involved.  Any challenge to this amount is properly addressed on appeal of the sentence, not on the denial of release.  The maximum sentence is more than ten years.  <u>See</u> 21 U.S.C. § 841(b)(1)(B).  The appellant's detention pending appeal therefore is mandated by the statute.

A person subject to mandatory detention pursuant to § 3143(b)(2) who meets the conditions of release set forth in § 3143(b)(1), however, may be ordered released, under appropriate conditions, by the judicial officer, "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."  <u>See</u> 18 U.S.C. § 3145(c).  It is not necessary to determine whether the appellant has satisfied the criteria of § 3143(b)(1) because, even if he has, he has not shown that "exceptional reasons" exist; thus, he is not eligible for release under § 3145(c).

DENIAL OF RELEASE PENDING APPEAL AFFIRMED.